

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

HOWARD C. FABIAN,

     Plaintiff,

                                CASE NO: 3:12CV435

vs.

FIN & FEATHER – PET CENTER, INC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff, Howard C. Fabian ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Fin & Feather - Pet Center, Inc. for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.     Venue is proper in this Court, the Eastern District of Virginia pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Virginia.

3.     Plaintiff, Howard C. Fabian (hereinafter referred to as "Fabian"), is a resident of the State of Virginia and is a qualified individual with a disability under the ADA. Fabian suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA")

1

Case 3:12-cv-00435-JAG   Document 1   Filed 06/14/12   Page 2 of 6 PageID# 2

and all other applicable Federal statutes and regulations to the extent that he suffers from a spinal injury and requires the use of a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, Fabian visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Fabian continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.     The Defendant, Fin & Feather - Pet Center, Inc., is a corporation registered to do business and, in fact, conducting business in the State of Virginia. Upon information and belief, Fin & Feather - Pet Center, Inc. (hereinafter referred to as "Fin & Feather") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically Fin & Feather – Pet Center, Inc. located at 8818 W. Broad Street, Richmond, Virginia (hereinafter referred to as the "Store").

5.     All events giving rise to this lawsuit occurred in the Eastern District of Virginia.

## COUNT I - VIOLATION OF THE ADA

6.     On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Fin & Feather is a place of public accommodation in that it is a store operated by a private entity that provides goods and services to the public.

2

8.     Fin & Feather has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Store in derogation of 42 U.S.C §12101 *et seq.*

9.     Fabian has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at Fin & Feather. Prior to the filing of this lawsuit, Fabian visited the Store at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact to the extent there was no useable accessible parking and excessive slopes. In addition, Fabian continues to desire and intends to visit the Store, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Store in violation of the ADA. Fabian has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.     Fin & Feather is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia,* the following specific violations:

> (i)     The number of parking spaces required to be reserved as accessible are not provided;
>
> (ii)    An access aisle is not provided in the parking space reserved as accessible;

3

      (iii)    Van accessible parking is not provided;

      (iv)    Signage for the parking space reserved as accessible does not contain the verbiage required by the USBC of Virginia;

      (v)    The parking space reserved as accessible is located where the surface grade exceeds 2% in one or more directions;

      (vi)    The slope of the existing curb ramp exceeds the maximum slope of 8.33%;

      (vii)    The existing curb ramp(s) does not maintain tapered sides;

12. There are other current barriers to access and violations of the ADA at the Store owned and operated by Fin & Feather that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §§36.304 and 36.401, Fin & Feather was required to make its Store, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Fin & Feather has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Fin & Feather pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to.

4

and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Fin & Feather and requests the following injunctive and declaratory relief:

A.   That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.   That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.   That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.   That the Court award such other and further relief as it deems necessary, just and proper.

Dated 6\12\12          Respectfully submitted,

Jonathan H. Walker, Esquire
Virginia Bar No. 24300
Mason Mason Walker, et al.
11848 Rock Landing Dr, #201
Newport News, VA 23606
Telephone: (757) 873-3909
Facsimile: (757) 873-1781
jwalker@masonwalker.com
*Local Counsel*

**SCHWARTZ ROLLER & ZWILLING**
*Attorneys for Plaintiffs*

5

Michael A. Chester, Esquire
600 Vestavia Parkway, Suite 251
Birmingham, AL 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
mchester@szalaw.com
Alabama Bar No. 3904-L74C
*Proposed Pro hac vice Lead Counsel*

6